IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MICHAEL LITTLE

    Plaintiff,

v.                                                         Civil Action No. 5:11CV41
                                                                          (STAMP)

W. HOLZAPFUL,
Special Investigating Supervisor,
ADAM PRICE, Correctional Officer,
CASE MANAGER COORDINATOR, Unknown,

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE
AND DENYING PLAINTIFF'S MOTION
FOR LEAVE TO AMEND COMPLAINT**

I.   Background

On March 14, 2011, the pro se[1] plaintiff, a federal prisoner incarcerated at USP Coleman, filed this civil rights action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). The complaint asserts that the defendants, all federal employees of USP Hazelton, violated the plaintiff's constitutional rights in connection with an incident which occurred during his incarceration at USP Hazelton on April 30, 2009. The plaintiff alleges that, less than 24 hours after he arrived at Hazelton, he was attacked in his cell block by the brother of the victim who the plaintiff was convicted of

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

killing, and the attack resulted in multiple stab wounds which required hospitalization.  The plaintiff claims that defendant Cathy Milton,[2] former Case Manager Coordinator at USP Hazleton, is liable for this attack by failing to investigate whether any relatives of the plaintiff's victim were incarcerated in general population at Hazelton.  The plaintiff asserts liability against former Special Investigating Supervisor W. Holzapful as a result of Holzapful's failure to place the plaintiff in the Special Housing Unit pending the investigation that the plaintiff says should have been completed.  Finally, liability is claimed against Correctional Officer Adam Price as a result of his failure to prevent the plaintiff's attacker from entering the plaintiff's housing unit.

     The complaint was referred to United States Magistrate Judge John S. Kaull for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2.  After a preliminary review, the magistrate judge directed the defendants to file a response.  In response, the defendants filed a motion to dismiss or, in the alternative, motion for summary judgment, asserting that the plaintiff's complaint must be dismissed because the plaintiff failed to exhaust his administrative remedies regarding these claims, because the defendants did not fail to

---

[2]Plaintiff identifies Case Manager Coordinator Milton as "case manager U.S.P. Hazleton name unknown."  The defendants have since identified the case manager against which the plaintiff asserts liability as Cathy Milton.

2

protect the plaintiff from the assault, and because the defendants are entitled to qualified immunity. Finally, the defendants assert that any claims against the defendants in their official capacities must fail.

The plaintiff responded to the motion following the issuance of a Roseboro[3] notice, arguing that the defendants are not entitled to qualified immunity, because the United States has waived immunity to claims alleging personal injuries caused by negligent conduct of government employees acting in their official capacities.[4] He also claims that the defendants prevented him from exhausting his administrative remedies, and in a previously unraised claim, the defendants have violated the Eighth Amendment in denying or delaying his access to medical treatment and medication. Magistrate Judge Kaull entered a report recommending that the defendants' motion to dismiss or, in the alternative,

---

[3] Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (finding that the court must inform a pro se plaintiff of his right to file material in response to a motion for summary judgment).

[4] This Court notes, as the magistrate judge also stated, that this argument by the plaintiff, which he reiterates throughout his filings in this case, seems to suggest a desire to raise a claim under the Federal Tort Claims Act ("FTCA"). However, the plaintiff's complaint only raises Bivens allegations, and even if the plaintiff desired to add FTCA claims, such claims would be time barred at this time. FTCA claims must be filed in this Court within six months following the denial of the plaintiff's administrative claims. This case was filed after this six-month limitation.

motion for summary judgment be granted and that this civil action be dismissed with prejudice.

The plaintiff filed objections to the magistrate judge's recommendations, again arguing that he was prevented from exhausting his administrative remedies and that the defendants are not entitled to qualified immunity. The plaintiff's objections also reassert that the defendants are all liable on the merits, and that he has shown denial and/or delay of medical care in violation of the Eighth Amendment.

Following this Court's review of Magistrate Judge Kaull's report and recommendation and the plaintiff's objections thereto, this Court directed the defendants to respond to the plaintiff's objections, to which the defendants offered a response to the each of the assertions advanced by the plaintiff's objections. The plaintiff then filed a motion for leave to amend his complaint to add defendants and to add an Eighth Amendment claim relating to an alleged denial or delay of medical care. For the reasons set forth below, this Court finds that the report and recommendation by the magistrate judge must be affirmed and adopted in its entirety, and this civil action be dismissed with prejudice.

## II.  Legal Standard

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because the

plaintiff filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo.

### III. Discussion

A. Failure to Exhaust Administrative Remedies

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing an action "with respect to prison conditions" under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997e. Exhaustion under § 1997e is mandatory, Booth v. Churner, 532 U.S. 731, 741 (2001), and applies to "all inmate suits about prison life." Porter v. Nussle, 534 U.S. 516, 532 (2002). Actions brought pursuant to Bivens are subject to administrative exhaustion requirements of the PLRA. Porter, 534 U.S. at 524.

Administrative exhaustion requires an inmate to pursue informal resolution before proceeding with a formal grievance. 28 C.F.R. § 542.13. The BOP's formal administrative process is structured as a three-tiered system. 28 C.F.R. § 542.10, et seq. First, an inmate must submit a written complaint to the warden, to which the warden supplies a written response. 28 C.F.R. §§ 542.11 and 542.14. For inmates who do not obtain satisfactory relief at the first tier, the second tier allows the inmate to file an appeal with the Regional Director of the BOP. 28 C.F.R. § 542.15. The third, and final, tier of the formal administrative remedy process is an appeal to the National Inmate Appeals Administrator for the

Office of General Counsel.  Id.  An inmate's administrative remedies thus are considered exhausted only after pursuing a final appeal to the National Inmate Coordinator for the Office of General Counsel.

Proper exhaustion of a PLRA for a Bivens claim requires an inmate to file timely and procedurally sound administrative grievances in compliance with the BOP's administrative grievance process as outlined above.  See Woodford v. Ngo, 548 U.S. 81, 90-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.").

The magistrate judge found that the plaintiff's claims were not administratively exhausted because the plaintiff failed to timely file an administrative request.  Title 28, Code of Federal Regulations, Section 542.14(a) provides that the deadline by which a prisoner may file an Administrative Remedy Request is twenty days after the incident which forms the basis for the request.  In this case, the incident which formed the basis of the plaintiff's complaint occurred on April 30, 2009.  The plaintiff did not file an administrative request with the Warden until July 8, 2009, sixty-eight days after the incident.  After de novo review of the recommendation, it is clear to this Court that, based upon the timeline outlined above, which has not been challenged by the

6

plaintiff, the plaintiff failed to timely file an administrative request.  Accordingly, this Court agrees that the plaintiff failed to exhaust his administrative remedies.

The plaintiff asserts that the untimeliness of his administrative requests should not bar this action because the defendants and others at USP Hazelton[5] prevented him from timely filing an administrative request.  Magistrate Judge Kaull addressed these assertions and found them to be without merit, at least with regard to the allegations against defendants Milton and Holzapful.  This Court agrees with the magistrate judge's findings in this regard.  The plaintiff argues that he timely gave administrative request forms to his counselor, but that his counselor failed to pass the forms to the proper office.  However, evidence provided by the plaintiff in support of this contention clearly indicates that the only forms that the plaintiff gave to his counselor complained of assault with a deadly weapon, racial discrimination by a non-party to this case, and aggravated battery to two non-parties to this case.  None of the forms made reference to the claims raised in this civil action against defendants Milton and Holzapful.  As such, even if the plaintiff was prevented from exhausting his administrative remedies with respect to the claims raised by those

---

[5]The others that the plaintiff deems responsible for preventing him from exhausting his administrative remedies are sought to be added to this civil action by the plaintiff's motion for leave to amend.

forms, the plaintiff did not attempt to exhaust the claims that he has raised against defendants Holzapful and Milton. The plaintiff's claims against these defendants are thus dismissed for failure to exhaust administrative remedies.

However, because the forms referenced by the plaintiff include claims for assault with a deadly weapon which assert that a correctional officer "abandon [sic] his post," it is arguable that these forms show that the plaintiff attempted to exhaust his administrative remedies with regard to the claims against defendant Price. Assuming without deciding that the plaintiff has shown that he was prevented from exhausting his administrative rights, and because, based upon the following analysis, the plaintiff's claims against defendant Price fail on the merits, this Court will not dismiss the claims against defendant Price on the basis of failure to exhaust administrative remedies.

B.  Deliberate Indifference

The Eighth Amendment requires that prison officials "protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994). However, "a prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." Id. at 837. Liability

cannot attach as a result of "the negligent failure to protect inmates from violence, the plaintiff must show that the defendants knew of the risk and consciously disregarded it."  Whitley v. Albers, 475 U.S. 312, 319 (1986).

In this case, this Court agrees with Magistrate Judge Kaull's determination that the plaintiff has failed to present evidence, or even allege, deliberate indifference on the part of defendant Price.  The plaintiff asserts that defendant Price is liable for his injuries because he "violated security protocol when he permitted plaintiff [sic] attacker to enter an unauthorized area . . . for the purpose of attacking the plaintiff."  ECF No. 1 Ex. 2 *7.  There is no indication from these allegations that defendant Price had any reason to know that the plaintiff's victim's brother was incarcerated at USP Hazelton, or that the inmate who entered the cell block was the plaintiff's victim's brother.  The plaintiff himself even specifically characterizes defendant Price's actions as "dereliction and negligence."  Id.  Accordingly, the plaintiff has failed to state a claim against defendant Price which could lead to this defendant's liability.  All claims against defendant Price must be dismissed as a result.

C.  Motion to Amend Complaint

Following the magistrate judge's report and recommendation, the plaintiff filed a motion for leave file an amended complaint to add defendants and to add an Eighth Amendment claim based upon an

alleged denial or delay of medical care and medicine. If a party seeks to amend its pleadings after responsive pleadings have been filed, it may only do so "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a) grants the district court broad discretion concerning motions to amend pleadings, and leave should be granted absent some reason "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Ward Elec. Serv. v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir. 1987); Gladhill v. Gen. Motors Corp., 743 F.2d 1049, 1052 (4th Cir. 1984).

This Court finds that the plaintiff's motion for leave to amend must be denied on the basis of futility of amendment. The defendants that the plaintiff attempts to add are the counselor who allegedly failed to timely file the plaintiff's administrative claims, and a J. Crogan, who the plaintiff claims is liable for the refusal and/or delay in the plaintiff's medical care. As this Court previously stated, the only administrative claims which the plaintiff has presented into evidence in this case are claims for assault with a deadly weapon, racial discrimination, and aggravated battery. None of these administrative claims assert wrongdoing by either of the parties sought to be added by amendment, nor do they

assert claims regarding the alleged failure to timely file the plaintiffs administrative claims or regarding any delay or denial of medical care. Accordingly, it is clear that the plaintiff has failed to exhaust his administrative remedies with regard to these potential parties and claims. The amendment sought is thus futile, and the motion for leave to amend is denied.

## IV. Conclusion

Having reviewed the magistrate judge's report and recommendation de novo, this Court hereby AFFIRMS and ADOPTS the report and recommendation in its entirety. Accordingly, the defendants' motion to dismiss or, in the alternative, motion for summary judgment is GRANTED. Further, the plaintiff's motion to amend the complaint is DENIED. The plaintiff's complaint is DISMISSED WITH PREJUDICE. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil

11

Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:      September 10, 2012


                                   /s/ Frederick P. Stamp, Jr.
                                   FREDERICK P. STAMP, JR.
                                   UNITED STATES DISTRICT JUDGE