IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MICHAEL LITTLE

    Plaintiff,

v.                                Civil Action No. 5:11CV41
                                          (STAMP)
UNITED STATES OF AMERICA,

    Defendant.


**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT**

I.  Background

On March 14, 2011, the pro se[1] plaintiff, a federal prisoner incarcerated at USP Lewisburg, filed this civil rights action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).  The complaint asserts that the defendants, all federal employees of United States Penitentiary Hazelton ("USP Hazelton"), violated the plaintiff's constitutional rights in connection with an incident which occurred during his incarceration at USP Hazelton on April 30, 2009.  The plaintiff alleges that, less than 24 hours after he arrived at Hazelton, he was attacked in his cell block by the brother of the victim who the plaintiff was convicted of killing, and the attack resulted in multiple stab wounds which required hospitalization.

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer.  Black's Law Dictionary 1416 (10th ed. 2014).

The plaintiff claims that defendant Cathy Milton,[2] former Case Manager Coordinator at USP Hazleton, is liable for this attack by failing to investigate whether any relatives of the plaintiff's victim were incarcerated in the general population at Hazelton. The plaintiff asserts liability against former Special Investigating Supervisor W. Holzapful ("Holzapful") as a result of Holzapful's failure to place the plaintiff in the Special Housing Unit pending the investigation that the plaintiff says should have been completed. Finally, liability is claimed against Correctional Officer Adam Price ("Price") as a result of his failure to prevent the plaintiff's attacker from entering the plaintiff's housing unit.

The complaint was referred to United States Magistrate Judge John S. Kaull for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2. Magistrate Judge Kaull then issued a report and recommendation recommending that this Court dismiss the plaintiff's <u>Bivens</u> claims, and his FTCA claim as untimely if such a claim was properly brought. This Court adopted the report and recommendation dismissing the <u>Bivens</u> claims and finding his Federal Tort Claims Act ("FTCA") claim untimely. The plaintiff appealed and the United

---

[2]The plaintiff identifies Case Manager Coordinator Milton as "case manager U.S.P. Hazelton name unknown." The defendants have since identified the case manager against which the plaintiff asserts liability as Cathy Milton.

States Court of Appeals for the Fourth Circuit vacated the portion of this Court's order dismissing the possible FTCA claim but affirmed the portion of this Court's order dismissing the Bivens claim. The plaintiff was then directed to file an amended complaint. In his amended complaint, the plaintiff reasserted his FTCA claims and asserted those claims against the government instead of against the individual federal employees discussed above. Further, the plaintiff asserted that staff misconduct led him to not exhaust his administrative remedies. The government then filed a motion to dismiss the amended complaint, or in the alternative, motion for summary judgment. The plaintiff filed a response thereto.

Thereafter, Magistrate Judge Kaull entered a report and recommendation recommending that the plaintiff's action be dismissed. The plaintiff timely filed objections to the report and recommendation and a motion for an evidentiary hearing.

This Court then adopted and affirmed the report and recommendation dismissing the action with prejudice except for the plaintiff's claim regarding the hindrance of his administrative remedies. As to that claim, this Court dismissed the claim without prejudice. Further, this Court denied the plaintiff's motion for an evidentiary hearing.

The plaintiff has now filed a motion to amend his complaint. In his motion, the plaintiff reiterates his previous arguments

3

pursuant to the FTCA and as to his claim regarding the hindrance of his administrative remedies. However, he now adds an argument pursuant to the First Amendment of the United States Constitution. The plaintiff asserts that his First Amendment rights were violated when he was subjected to retaliation for attempting to file the claims he has asserted in this action. This Court will now review that motion.

For the reasons that follow, this Court finds that the plaintiff's motion to amend his complaint is denied.

## II. Discussion

### A. Construing the Motion to Amend as a Motion for Reconsideration

A district court may not grant a post-judgment motion to amend unless the judgment is vacated pursuant to Rule 59(e) or Rule 60(b) first. Laber v. Harvey, 438 F.3d 404, 427 (4th Cir. 2006) (citations omitted). This is a significant difference than if such a motion had been made as a pre-judgment motion. Id. The plaintiff has not made either a Rule 59(e) or Rule 60(b) motion. However, this Court will construe the plaintiff's motion to amend as if the plaintiff had asserted his arguments pursuant to those rules. Thus, this Court must find that the plaintiff's motion to amend complaint provides sufficient reason to amend or overturn its judgment pursuant to Rule 59(e) or Rule 60(b).

1. <u>Rule 59(e)</u>

The Fourth Circuit has recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. See <u>Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.</u>, 148 F.3d 396, 403 (4th Cir. 1998). "Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." <u>Id.</u> A Rule 59(e) motion may not be used to relitigate old matters and is an extraordinary remedy that should be used sparingly. <u>See id.</u> It is improper to use such a motion to ask the court to "rethink what the court has already thought through–rightly or wrongly." <u>Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.</u>, 99 F.R.D. 99, 101 (E.D. Va. 1983).

Initially the plaintiff argues that this Court "should have inform [*sic*] plaintiff to amend complaint to which is such motion/ declaration & memo of law." This Court first finds that it is not the responsibility of this Court to tell the plaintiff how to litigate his case or to tell the plaintiff to file an amended complaint. Further, this Court notes that it did in fact direct the plaintiff to file an amended complaint after the plaintiff's FTCA claim was remanded to this Court from the Fourth Circuit.

5

Thus, the plaintiff was given an opportunity to amend his complaint before the government filed its motion, the report and recommendation was entered, and this Court's order adopting the report and recommendation was entered. Additionally, the plaintiff had an opportunity to respond, and did respond, to the arguments raised against his amended complaint. Thus, the plaintiff's motion would be denied as futile even if only considered as a motion to amend rather than a motion for relief from judgment.

This Court also finds that the plaintiff is not eligible under the first ground for amending an earlier judgment as there has not been a subsequent change in controlling law since this Court entered its order dismissing the plaintiff's claims. Additionally, the plaintiff is not eligible under the second ground. Although the plaintiff has raised a new First Amendment claim, he has based that claim on the same evidence that he had used previously to raise his hindrance of administrative remedies claim which this Court dismissed without prejudice with the opportunity to re-file another action. Thus, this ground is also foreclosed.

Finally, this Court does not believe that it incorrectly applied a rule of law or that manifest injustice would occur if its judgment were to stand. This Court correctly applied the discretionary function exception to the plaintiff's case given the underlying facts and thus correctly found that the plaintiff's FTCA claim was barred. See Williams v. United States, 50 F.3d 299, 308

6

(4th Cir. 1995). Additionally, this Court finds no error in its application of West Virginia law to the plaintiff's FTCA medical malpractice claim. See Medina v. United States, 259 F.3d 220, 223 (4th Cir. 2001) (a FTCA claim is subject to the "law of the place where the act occurred"). The alleged incorrect actions occurred in West Virginia and thus this Court cannot find that there was a clear error of law in its order dismissing the plaintiff's claims.

Finally, this Court dismissed without prejudice the plaintiff's claims regarding the exhaustion of administrative remedies and the hindrance thereof. The plaintiff's new claim, raised in his current motion, relates to the same hindrance. Thus, the plaintiff may re-file those claims if appropriate.[3] Accordingly, no manifest injustice would occur even if the plaintiff had asserted arguments that fit within the Rule 59 regime.

Because the plaintiff cannot fulfill the requirements of a Rule 59(e) motion, this Court must now determine whether the plaintiff may meet the requirements of a Rule 60(b) motion.[4]

---

[3]This reminder is in no way a finding that the plaintiff's claims have merit or that such a complaint would be granted if re-filed.

[4]Again, this is only because, given the benefit of the doubt, this Court is construing the plaintiff's motion to amend as if it is also a motion under Rule 59(e) or Rule 60(b).

2. Rule 60

Federal Rule of Civil Procedure 60(b) provides that a court may, upon motion or upon such terms as are just, relieve a party from a final judgment, order, or proceeding for one of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A Rule 60(b) motion may also be construed as a motion for reconsideration. "[T]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence . . . . Where evidence is not newly discovered, a party may not submit that evidence in support of a motion for reconsideration." Harsco Corp. v. Zlotnicki, 779 F.2d 907, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986). Moreover, a motion for reconsideration should not be used to reiterate arguments previously made or as a vehicle to present authorities available at the time of the first decision—a party should not file such a motion "to ask the Court to rethink what the Court had already thought through—rightly or wrongly." Above the

8

Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). Rather, "a motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of due diligence." Prudential Securities, Inc. v. LaPlant, 151 F.R.D. 678, 679 (D. Kan. 1993).

This Court finds, for similar reasons as stated above, that it does not need to correct manifest errors of law or fact as its order dismissing this case does not contain any such errors. Again, the only new argument that the plaintiff has raised in his motion to amend his complaint is that the hindrance of the filing of his administrative remedies and claims violated his First Amendment rights. This Court has already reviewed above that these claims may be brought in another action, as this Court has dismissed his hindrance claim without prejudice. The plaintiff's arguments otherwise do not fulfill any of the other possible claims that may be raised pursuant to a Rule 60(b) claim. Accordingly, this Court finds that there are no grounds for which this Court may overturn its judgment pursuant to Rule 60(b).

This Court will not vacate its judgment pursuant to Rule 59(e) or Rule 60(b). As such, the plaintiff's post-judgment motion to amend his complaint cannot be granted. Laber v. Harvey, 438 F.3d at 427.

### III. Conclusion

Based on the analysis above, this Court finds that the plaintiff's motion to amend is DENIED.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the pro se plaintiff by certified mail.

DATED: May 21, 2015

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE